■ CITY OF NEW YORK, Respondent, and CONVENIENCE & SAFETY CORP., Intervenor-Respondent, v BUSTOP SHELTERS, INC., Appellant. — Judgment, Supreme Court, New York County, entered on September 19, 1980, unanimously affirmed on the opinion of Kassal, J., at Trial Term. Plaintiff-respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur — Sullivan, J. P., Carro, Markewich, Lupiano and Bloom, JJ.

■ STEPHEN KRUGER, Respondent, v PAGE MANAGEMENT CO., INC., et al., Appellants. — Appeal from order and judgment (one paper), Supreme Court, New York County, entered on September 3, 1980, unanimously dismissed as moot, without costs and without disbursements. No opinion. Concur — Kupferman, J. P., Birns, Ross, Carro and Fein, JJ. [105 Misc 2d 14.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO VASQUEZ, Appellant. — Judgment, Supreme Court, Bronx County, rendered on April 18, 1979, unanimously affirmed. We have reviewed the record and are of the opinion that there are no meritorious points which could be raised on appeal. Concur — Sullivan, J. P., Markewich, Lupiano, Silverman and Bloom, JJ.

## (February 19, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PABON, Appellant. — Judgment, Supreme Court, Bronx County, rendered August 10, 1979, convicting defendant, upon his plea of guilty, of robbery in the second degree and sentencing him to an indeterminate term of imprisonment having a minimum of one year and a maximum of three years, insofar as it imposes sentence, unanimously reversed, on the law, the sentence vacated and the matter remanded for consideration of youthful offender treatment and resentencing. The instant record discloses that the court precluded consideration of whether defendant was an apt candidate for youthful offender treatment. Effective six days before defendant's scheduled sentencing, a comprehensive revision of the juvenile offender law provided in part that youthful offender treatment would be available to juvenile offenders. The sentencing court precluded such consideration, presumably because it did not form part of the plea negotiations. "The provisions of the statute, however, are mandatory and may neither be ignored nor bargained away" (People v Barrow, 51 AD2d 912). Concur — Murphy, P. J., Sullivan, Markewich, Lupiano and Bloom, JJ.

■ In the Matter of THOMAS H. et al. DORIS D., Appellant; CATHOLIC GUARDIAN SOCIETY, Respondent. — Final orders of disposition of the Family Court, New York County, entered August 31, 1979, unanimously affirmed, without costs. Application by appellant's counsel to withdraw as counsel is granted (see Anders v California, 386 US 738; People v Saunders, 52 AD2d 833). We have reviewed the record and agree with appellant's counsel that there are no meritorious points which could be raised on this appeal. Concur — Murphy, P. J., Sullivan, Markewich, Lupiano and Bloom, JJ.